**PUSTOY v STATE**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1115. Decided May 19, 1932

Harold L. Shellenberger, Dayton, and Julius Herchig for plaintiff in error.

Calvin Crawford, Prosecuting Attorney, Dayton, and Harry F. Nolan, Assistant Prosecuting Attorney, Dayton, for defendant in error.

HORNBECK, J.

Motion for a new trial was filed and overruled, and judgment entered on the finding of the court. Error is prosecuted. The petition in error sets forth six claims of error but the brief urges but one, namely, that the court erred in admitting certain testimony against the defendant because it was hearsay and the court's attention is directed specifically to pages 6 and 11 of the record. We find no objection to testimony on page 11 but at page 6 this appears:

"Mr. Shellenberger: I want to object to all the evidence introduced on behalf of the State on the part of this witness (Flora Maxion) relating to any attempt of sexual intercourse with her and all conversations which she has related."

The charge in this case was contributing to the delinquency of a minor. The nature of the charge permits of wider latitude in the character of proof required to support it than would be permitted upon a charge of other specific offenses such as rape or assault with intent to rape or kill. One may be guilty of the offense of contributing to the delinquency of a minor by conduct or a series of acts, the commission of no one of which would in itself constitute a crime. In this case the original proposal by the defendant to the two minors was made to them at the same time and was that they both submit to assault and what followed was in the nature of joint action to which all three were parties up to the time when the defendant took Flora Maxion into his room alone. What is testified that he did there was in furtherance of and corroborative of the story of the two girls respecting his original proposal to them. It is evident that everything that occurred between the defendant and both girls would be competent save only that which transpired in the room where the defendant and Flora Maxion were together in the absence of the prosecuting witness. If competent, what was said as well as what was done was admissible. We are not certain that this testimony is incompetent. There is a class of cases where criminal acts when done in a peculiar way or in a manner tending to show a peculiar trait in their commission are admissible against a defendant who is charged with committing an offense of a similar character.

It is a close question in this case whether the evidence objected to is inadmissible. If the statements of the two minors are true, the prosecuting witness knew that everything that was done up to the time that the defendant took the Maxion girl into his room was in pursuance of and according to the prior arrangement and she also knew what the defendant had proposed to do to the Maxion girl when he took her into the room. What transpired was so connected with the general plan or scheme that it is doubtful if the State should have been precluded from showing what occurred.

However, whether this evidence was admissible or not the case was tried to the court alone and there was ample testimony, if true, independent of that portion of the evidence to which objection is directed to support the finding and judgment of the trial court. The case was one depending upon the credibility of the witnesses and if what Flora Maxion and the prosecuting witness said was credible independent of that which related to the claimed attack on the Maxion girl there was ample proof to support the judgment. In fact, the defendant could have been found guilty of

the offense charged without any proof of either assault.

We have examined the cases cited by counsel and find that in every instance they treat of evidence which was improperly permitted to go to a jury. The distinction between the ability of a jury and a judge to set aside and disregard incompetent testimony which is prejudicial is well recognized. We are of opinion that this case on the record clearly comes within the terms of §13449-5 GC which in so far as pertinent provides:

"No * * * judgment of conviction shall be reversed in any court * * * for the admission or rejection of any evidence offered against or for the accused unless it affirmatively appears on the record that the accused was or may have been prejudiced thereby; * * * nor for any other cause whatsoever unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial."

See also McHugh v State, 42 Oh St, 154, and Breese v State, 12 Oh St, 146.

We cannot say from the record in this case that the requisites of this section essential to reversal affirmatively appear. Disregarding all the testimony about which there can be any question there still remains sufficient proof, if true, of the guilt of the defendant of the offense charged.

The judgment of the trial court will therefore be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.